UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DERRICK LAMONT OAKES,

       Plaintiff,

                                      Case No.  1:05-CV-356

v.

                                        HON. GORDON J. QUIST

KATHRYN MAYER,

       Defendant.

_____/

## OPINION

Plaintiff, Derrick Lamont Oakes ("Oakes"), has filed a complaint against Defendant, Kathryn Mayer ("Mayer"), alleging a violation of his right to due process under the Fourteenth Amendment. Specifically, Oakes alleges that Mayer knowingly gave false testimony during Oakes' parole revocation hearing on May 19, 2004, which resulted in Oakes' parole being revoked. For relief, Oaks requests $50,000 in damages and removal of the slanderous statements from his Michigan Department of Corrections file.

On May 23, 2005, the magistrate judge issued an order granting Oakes leave to proceed *in forma pauperis.* Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Oakes' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25,

33 (1992).[1]  For the reasons set forth below, the Court concludes that Oakes' complaint must be dismissed as required by § 1915(e)(2).

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.  2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003).  The Court need not, however, accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

First, to the extent that Oakes seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87, 114 S. Ct. at 2372.  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S. Ct. 1584, 1588-89 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d

---

[1]Mayer has filed a motion for summary judgment raising several grounds for dismissal, to which Oakes has not responded.  The Court finds it most appropriate to screen the complaint in this case under § 1915(e)(2) instead of ruling on Mayer's motion.

186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive).  Oakes alleges that Mayer gave false testimony during the parole revocation hearing and that, by implication, Mayer's testimony resulted in the revocation of Oakes' parole.  Oakes' allegations clearly call into question the validity of his conviction.

The principles espoused in *Heck* have been applied to § 1983 actions like Oakes' challenging state parole revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid. *See Davis v. McGinnis*, No. 98-1224, 1999 WL 313857, at *1 (6th Cir. May 5, 1999); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996). Oakes has not alleged the invalidity of his parole revocation by a state or federal court.  Therefore, Oakes fails to present a cognizable federal claim.

Second, Oakes' claim fails because Mayer is entitled to absolute immunity.  In *Spurlock v. Satterfield*, 167 F.3d 995 (6th Cir. 1999), the Sixth Circuit observed that "[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings."  *Id.* at 1001.  Although the Sixth Circuit has not addressed whether a witness in a parole revocation proceeding is also entitled to absolute immunity from suit, other courts have held that absolute immunity extends to witnesses, and specifically, parole officers, who testify in parole revocation hearings.  *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) ("Although a parole hearing is not a criminal hearing or grand jury proceeding, we read the Supreme Court's and our previous cases to imply that parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties."); *Palismo v. Cal. Dep't of Corr.*,

3

No. 04-56337, 2005 WL 1939854, at *1 (9th Cir. Aug. 15, 2005) (concluding that the plaintiff's claim against the defendant parole officer based upon his testimony was barred "because witnesses have absolute immunity from civil suits for damages relating to their testimony at parole hearings"). The Court finds these cases persuasive and has no reason to believe that the Sixth Circuit would not extend *Spurlock* to parole revocation hearings.

Therefore, the Court will dismiss Oakes' complaint.

An Order Consistent with this Opinion will be entered.


Dated: October 27, 2005                                          /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE